UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BROWN,

    Plaintiff,

v.

                                        Case No. 1:23-cv-122

COMMISSIONER OF SOCIAL
SECURITY,
                                        Hon. Hala Y. Jarbou

    Defendant.
_____/

## OPINION

This is an action seeking judicial review of the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Before the Court is the magistrate judge's Report and Recommendation (R&R) recommending that the administrative law judge's (ALJ) decision denying benefits be affirmed (ECF No. 14). Also before the Court are Plaintiff's objections to the R&R (ECF No. 15). For the reasons stated below, the Court will adopt the R&R and affirm the decision of the Commissioner.

### I. BACKGROUND

Brown filed an application for SSI and DIB on December 6, 2019, alleging a disability onset date of January 15, 2019. (Pl.'s Mem. 1, ECF No. 10.) Brown, who was 42 at the time, claimed disability due to back, knee, and wrist injuries, plantar fasciitis, diabetes, depression, and Attention Deficit-Hyperactive Disorder (ADHD). (*Id.* at 6.) Prior to allegedly becoming disabled, he had worked as a general machinist and in the fast-food industry. (*Id.* at 2.) Both applications were denied, and Brown appealed. He had a telephone hearing before an ALJ on June 14, 2021.

(*Id*. at 1.) The ALJ entered an "UNFAVORABLE" decision on December 16, 2021. (*Id.*) Brown subsequently submitted a request for review by the SSI Appeals Council, which declined to reconsider the ALJ's decision. (*Id.*)

The ALJ's decision acknowledged that Brown had not worked since his alleged disability onset date of January 15, 2019. It further recognized that he suffered from the following severe medical impairments:

> status post left foot plantar fasciotomy with continued discomfort; degenerative disc disease of the lumbar spine with radicular symptoms into the left lower extremity; status post lumbar spine decompression surgery; torn left knee meniscus; right wrist degenerative joint disease; Attention Deficit-Hyperactivity Disorder (ADHD) . . . [and] depression

(ALJ Rep. 4, ECF No. 6-2, PageID.36.) Nevertheless, the ALJ ultimately concluded that Brown did not suffer from an impairment or combination of impairments that entitled him to disability benefits. The ALJ further determined that Brown had the residual functional capacity (RFC) to perform "sedentary work as defined in 20 [C.F.R.] 404.1567(a) and 416.967(c) except he can occasionally operate left foot controls." (*Id*. at 5, PageID.37.) Though this RFC determination meant that Brown would be unable to perform his previous work, the ALJ concluded that Brown was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," and therefore, was "not disabled." (*Id*. at 11, PageID.43.)

## II. STANDARD OF REVIEW

The Court reviews *de novo* portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). General or blanket objections to the R&R are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Such objections defeat the purpose of R&Rs, rendering the "functions of the district court [] effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, "only specific objections to the

magistrate's report made to the district court will be preserved for appellate review." *Id*. (citing *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting its review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id*.

Brown initiated this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the ALJ's decision.

### III. ANALYSIS

Brown objects to two aspects of the magistrate judge's report.  First, he argues that the ALJ erred by concluding that his listed impairments did not satisfy or medically equal the requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15.  Second, he disagrees with the finding that the ALJ's RFC determination was based on substantial evidence.

**A. Listing of Impairments**

The following is an overview of Brown's requirements under Section 1.15, taken from the R&R, the accuracy of which he does not dispute.  (*See*, Pl.'s Mem. 1-2.)

> The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff alleges that he is entitled to relief because he satisfies or medically equals the requirements of Section 1.15

which concerns "disorders of the skeletal spine resulting in compromise of a nerve root(s)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15.

(R&R 6.) To satisfy this listing, Brown must satisfy parts A, B, C, *and* D. (*Id*.) The Court will assume, as the magistrate judge did, that Brown is able show his listed impairments meet the first three parts of this listing. That leaves part D which states:

> D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
> 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
>
> 2. An inability to use *one* upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), *and* a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or
>
> 3. An inability to use *both* upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4)

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15 (emphasis in original).

The magistrate judge found that Brown's condition did not meet part D of the listing because there was no evidence that he had "a documented need for a walker, bilateral cane[], bilateral crutches, or a wheeled and seated mobility device involving the use of both hands." (R&R 9.) Nor that his "ability to use his upper extremities [was] impaired to the extent required by th[e] listing." (*Id*.)

Brown claims his condition meets the part D requirements because he uses "an ambulative device for walking." (Pl.'s Objs. 5.) Brown apparently claimed he used a cane for the first time in his memorandum in support of the complaint bringing this action. (*See* Pl.'s Mem. 12.) In any event, Brown did not cite to the record to support that assertion. In his reply to Defendant's brief,

4

he claimed he needed a "walker" to move. (Pl.'s Resp. Br. 1, ECF No. 12.) As evidence, he cited to the ALJ hearing transcript, and specifically his statement that: "[s]ometimes like in a store, I use the cart to hold myself up if I'm going to be in there for a bit." (Hr'g Tr. 22, ECF No. 6-3, PageID.126.) Now, Brown claims that he uses a "walker" that requires the use of both hands. (Pl.'s Objs. 5.)

The "evidence" that Brown cites to demonstrate his need for an assistive device to help him walk is insufficient. Under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00C(6)(a), in order to satisfy § 1.15, a claimant must submit "evidence from a medical source that supports [the] medical need for an assistive device for a continuous period of at least 12 months." The report must be conducted and corroborated by a medical professional. It is not sufficient to submit a report "of [plaintiff's] statements about [plaintiff's] symptoms and limitations in place of the medical source's report of objective clinical findings." *Id.* § 1.00A(2)(a). Here, Brown does not cite to a report by a medical professional indicating his need for a cane or walker. On the contrary, a medical report prepared in April 2021 noted that Brown did not claim the need for any device to help him walk. (*See* AAA Examinations Rep., ECF No. 6-10, PageID.862.) In addition, in his hearing before the ALJ, Brown denied that he used a cane, stating that he doesn't "walk with anything." (*See* Hr'g Tr. 22, PageID.126.) The Court therefore agrees with the magistrate judge's conclusion and will approve and adopt the R&R's findings with regard to listing 1.15.

**B. RFC**

The R&R similarly found that the ALJ's RFC determination was based on substantial evidence. Brown objects to this finding on the basis that "the ALJ took inadequate notice of plaintiff's mental impairments." (Pl.'s Objs. 5.)

5

The magistrate judge considered Brown's mental impairments when analyzing the ALJ's RFC determination. In his opinion he stated,

> As for Plaintiff's non-exertional limitations, the ALJ recognized that Plaintiff experienced depression and ADHD. Plaintiff began therapy in July 2020. (PageID.718-32). The results of a mental status examination were "within normal limits." (PageID.725-27). Treatment notes dated March 24, 2021, indicate that medication improved Plaintiff's focus and "slowed down" his speech. (PageID.1123). Plaintiff likewise reported that "things are going mostly better." (Id.). Subsequent treatment notes reveal largely unremarkable findings which are entirely consistent with the ALJ's RFC findings. (PageID.1071-1121)

(R&R 11.) Upon review of the record, the Court agrees with the magistrate judge's conclusion. Brown may disagree with the ALJ's assessment of his mental impairments, but that assessment did take into account his treatment notes and diagnoses, which are not inconsistent with the ultimate RFC determination. As the magistrate judge put it, Brown's argument "is essentially that the ALJ should have weighed and evaluated the evidence differently," which is not a ground for relief. (R&R 12.) As a result, the Court finds that the ALJ's RFC determination was based on substantial evidence.

## IV. CONCLUSION

For the reasons stated above, the Court will approve and adopt the magistrate judge's report and recommendation and the ALJ's decision will be affirmed. The Court will enter an order consistent with this opinion.

Dated: March 25, 2024                         /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE

6